UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO,

    Plaintiff,

vs.                                        Case No. 13-CV-14773
                                          HON. GEORGE CARAM STEEH

VILLAGE OF ARMADA, *et al.*,

    Defendants.

_____/

ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO
RECUSE OR DISMISS (DOC. # 3) AND GRANTING LEAVE
TO FILE AMENDED COMPLAINT OR FACE DISMISSAL

Plaintiff Joseph Raimondo filed a six count *pro se* complaint on November 19, 2013 against the City of Armada, Meadowbrook Claims Services and a host of additional individuals and entities. Plaintiff's complaint has not yet been served.

Plaintiff's complaint is in excess of 100 pages. It is a rambling, train-of-thought document full of personal information, history, and grievances dating back to plaintiff's childhood. Moreover, it appears to complain largely of the same acts and omissions giving rise to two earlier cases brought by plaintiff and his wife against the Village of Armada and numerous other defendants in 2001 and 2002. In those cases, like in this case, the complaints asserted in part that Armada, Macomb County, and Clinton Township law enforcement performed an unlawful search and seizure at plaintiff's business in 1998. The 2001 and 2002 cases were assigned to Judge Hood of this

district, who ultimately dismissed the claims.[1]  Mr. and Mrs. Raimondo appealed those judgments to the Sixth Circuit, which affirmed the district court.

In affirming the district court, the Sixth Circuit order stated in part that:

> As the district court noted, Defendant Kline[2] obtained a search warrant for the Raimondos' properties after observing cars in various states of disrepair on the properties as well as a sign reading "Raimondo's Armada Collision (313) 784-5631," and noted that the properties were not licensed for automotive repair.  In executing the search warrant, Kline found several cars with unsigned out-of-state titles that were not registered in Michigan as required by Michigan law.  The titles were seized and Joseph Raimondo was told that they would be turned over to the Secretary of State's office to be transferred.  Raimondo failed to meet Officer Baumgarten the following day to arrange the transfer.
>
> To the extent that the Raimondos allege a due process claim regarding the seizure of the out-of-state titles to their cars, they have failed to state a claim.  42 U.S.C. § 1983 is not the proper means of addressing the taking of property if a post-deprivation remedy is available.  Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).  Such is the case even if the deprivation is intentional.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The Raimondos did not allege that they attempted a post-deprivation remedy to recover the titles or that a post-deprivation remedy was inadequate.  They have failed to plead and establish that Michigan lacks an adequate post deprivation remedy.  Furthermore, the Raimondos do not dispute that they were told to recover the seized titles to the out-of-state cars by going to the Secretary of State's office, and that they failed to appear to facilitate the transfer of title.  Thus, the Raimondos did not state a due process claim with regard to their property.
>
> The district court provided a fair, well-reasoned explanation as to why the Raimondos' claims were properly dismissed on summary judgment.  We agree, they have not met the legal burden necessary to survive the summary judgment motions of the defendants.

Order of the Sixth Circuit Court of Appeals (Case Nos. 03-2465/04-2352), October 26, 2005.

---

[1]Plaintiff then filed two unsuccessful lawsuits against Judge Hood, one of which was dismissed by this court (Case No. 10-CV-15107).

[2]Kline is also a named defendant in this lawsuit.

A bedrock principal of the law is that of res judicata or claim preclusion: "a fundamental precept of common-law adjudication [] that an issue once determined by a competent court is conclusive." Arizona v. California, 460 U.S. 605, 619 (1983). That means that a claim between parties that has been adjudicated once cannot be adjudicated again. This court simply does not have the authority to consider claims that the Sixth Circuit has already decided.

Raimondo has paid the requisite filing fee here, therefore his complaint is not subject to screening for *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F. 3d 1014 (6th Cir. 1983). In fact, the court generally does not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice and an opportunity to amend the complaint. Tingler v. Marshall, 716 F. 2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F. 3d 477, 479 (6th Cir. 1999).

While it appears that the whole of plaintiff's complaint is subject to dismissal for the reason that the claims have already been litigated or because they are not actually claims but his very personal story about his agitation with Armada and what happened to him there, the court notes that the complaint in its current state is very hard to understand. The complaint appears to name defendants who have not been subject to plaintiff's claims in the past. Therefore, the court will give plaintiff a chance to plead

new, distinct claims that have not already been litigated. These claims must be set out in numbered Counts and contain only information relevant to each claim.

Accordingly, plaintiff is hereby given 30 days from the date of this order to file an amended complaint. Plaintiff is limited to 20 pages. In those 20 pages, plaintiff may state only relevant background information and claims that have not already been decided in the 01-71353 and 02-71696 cases. Plaintiff may not include extraneous information about his family, his background, political figures, his anger with the results of past litigation, or any other such information that does not have to do with actual claims he wishes to pursue in this court. If plaintiff files an amended complaint that duplicates the claims made in the past cases, it will be subject to dismissal.

Finally, plaintiff's "emergency motion to recuse or dismiss" is hereby DENIED. The plaintiff has not given any reason this court should recuse itself, and the case is not a companion to the Paterek matter cited by plaintiff.

IT IS SO ORDERED.

Dated: December 19, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

A copy of this Order was served upon Joseph Raimondo,
P. O. Box 330, Armada, MI 48005,
on December 19, 2013, by ordinary mail.

s/Barbara Radke
Deputy Clerk

-4-